# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| J.G. OGLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 5:21-CV-06038-DGK |
| | ) |
| HOOTERS, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER GRANTING MOTION TO COMPEL ARBITRATION

This lawsuit arises out of Plaintiff J.G. Ogle's allegations that Defendant Hooters, Inc.[1] violated the Missouri Human Rights Act ("MHRA") during and in terminating her employment. Now before the Court is Defendant's Motion to Compel Arbitration and to Dismiss Plaintiff's Petition Or, In The Alternative, To Stay the Proceedings. ECF No. 5. Because the arbitration provision is valid, the motion is GRANTED.

Congress enacted the Federal Arbitration Act ("FAA") to overcome courts' traditional reluctance to enforce arbitration agreements. *Allied-Bruce Terminix Cos.* v. *Dobson*, 513 U.S. 265, 270 (1995). The FAA provides that arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "The Supreme Court has stated repeatedly that this provision establishes a 'liberal federal policy favoring arbitration agreements.'" *Owen v. Bristol Care, Inc.*, 702 F.3d 1050, 1052 (8th Cir. 2013) (quoting *CompuCredit Corp. v Greenwood*, 132 S.Ct. 665, 669 (2012)). In

---

[1] Defendant "Hooters Inc." is not the properly named entity in this action. "Hooters of America, LLC" and "Hooters of North Kansas City" are the properly named Defendants.

construing contract language on arbitrability, any doubts are resolved in favor of arbitration. *CD Partners, LLC* v. *Grizzle*, 424 F.3d 795, 798 (8th Cir. 2005).

In the present case, Defendant hired Plaintiff in October 2014, and as part of her onboarding process, the two parties executed an Arbitration Agreement and Waiver of Jury Trial ("Arbitration Agreement"). The Arbitration Agreement covered any and all disputes or claims arising between the parties, including any post-termination claims. It also included an express delegation clause, leaving all questions of arbitrability to the arbitrator.

Plaintiff claims she does not remember signing this document. In March 2021, she filed suit in Missouri state court claiming MHRA violations arising from her employment and termination. Defense counsel informed Plaintiff's counsel that Plaintiff had signed the Arbitration Agreement and requested she dismiss her suit and proceed with arbitration. Plaintiff did not agree to do so, and Defendant filed this motion to compel arbitration in accordance with the Arbitration Agreement.

Plaintiff challenges the enforceability and validity of the Arbitration Agreement. Opp. 5 ("no valid [arbitration] agreement exists"). Under 9 U.S.C. § 2, a challenge to the validity of the agreement as a whole, and not the delegation clause itself, must be left for the arbitrator to decide. *See Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 72 (2010); *see also Fambrough v. Green*, No. 4:19-00158-CV-RK, 2019 WL 4724302, at *3 (W.D. Mo. Sep. 26, 2019) (finding a plaintiff who argues the entire Arbitration Agreement is invalid leaves the court with only the question of "whether the delegation provision clearly and unmistakably delegated authority to the arbitrator to determine issues of arbitrability" (citations omitted)).

It is undisputed that the Arbitration Agreement contains a delegation clause: "Questions of arbitrability (that is whether an issue is subject to arbitration under this Agreement) shall be

decided by the arbitrator. Likewise procedural questions which arise out of the dispute and bear on its final disposition are matters for the arbitrator to decide." Arbitration Agreement ¶ 5. Thus, the Court holds the question of the existence and validity of the Arbitration Agreement must be submitted to arbitration.

## Conclusion

Defendant's motion is GRANTED. This case shall be STAYED while arbitration is pending. The parties shall file a joint status report every one-hundred and twenty days.

**IT IS SO ORDERED.**

Date:   July 1, 2021                              /s/ Greg Kays
                                                  GREG KAYS, JUDGE
                                                  UNITED STATES DISTRICT COURT